## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RAYMOND L. BROOKS, III, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT BROOKS, DECEASED, GERALDINE BROOKS, NA'TOSHA ROBINSON, ASHLEY JOHNSON, CRYSTAL BROOKS, TIARA BROOKS, CIARA BROOKS AND ROBINEISHA BROOKS AND BRIANNA BROOKS, MICHAEL BROOKS, AND ARLENE BROOKS** *Plaintiffs,* | § § § § § § § § § § § § § | **CIVIL ACTION NO. 4:17-CV-_____** <br><br> **JURY DEMAND** |
| **V.** | § § | |
| **HARRIS COUNTY SHERIFF'S DEPARTMENT, UNKNOWN DEPUTIES AS AGENTS, INDIVIDUALLY AND AS EMPLOYEES OF HARRIS COUNTY AND HARRIS COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF RON HICKMAN, INDIVIDUALLY AND IN THE OFFICIAL CAPACITY AS HARRIS COUNTY SHERIFF** *Defendants.* | § § § § § § § § § § § | |

## INDEX OF MATTERS FILED UPON REMOVAL

The following documents appear in the file of the case styled *Raymond L. Brooks, III, individually and as representative of the Estate of Robert Brooks, Deceased, Geraldine Brooks, Na'tosha Robinson, Ashley Johnson, Crystal Brooks, Tiara Brooks, Ciara Brooks and Robineisha Brooks and Brianna Brooks, Michael Brooks, and Arlene Brooks v. Harris County Sheriff's Department, Unknown Deputies as agents, individually and as employees of Harris County and Harris County Sheriff's Department, and Sheriff Ron Hickman, individually and in the official capacity as Harris County Sheriff,* Cause No. 2017-39278, in the 165th Judicial District Court of Harris County, Texas, certified copies of which are attached:

1. Plaintiffs' Original Petition;
2. Civil Case Information Sheet;
3. Filing Letter/Additional fees;
4. Civil Process Pick-Up Form;
5. Executed Citation on Harris County Sheriff's Department.

Respectfully submitted,

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

**/S/ Mary E. Baker**
**MARY E. BAKER**
Senior Assistant County Attorney
Federal I.D. No. 7647
State Bar No. 08534000
**SETH B. HOPKINS**
Assistant County Attorney
Federal I.D. No. 2043155
State Bar No. 24032435
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 755-5101
Facsimile: (713) 755-8924
Email: mary.baker@cao.hctx.net
Email: seth.hopkins@cao.hctx.net

ATTORNEYS FOR DEFENDANT
HARRIS COUNTY SHERIFF'S DEPARTMENT

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2017, a true and correct copy of this pleading was served upon all parties of record certified mail and/or via CM/ECF system to:

Lanease D. Fuller
Law Office of Lanease D. Fuller
4651 Southwest Freeway, Suite 820
Houston, Texas 77027
Telephone: (713) 439-7400
Facsimile: (713) 439-7471
Email: attyfuller@gmail.com

**/S/ Mary E. Baker**
MARY E. BAKER
Senior Assistant County Attorney

BROOKS, RAYMOND L (III) (INDIVIDUALLY AN vs.      7/18/2017
HARRIS COUNTY SHERIFF'S DEPARTMENT
Cause: 201739278      CDI: 7      Court: 165

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| restricted | Citation | | 07/05/2017 | 2 |
| restricted | Civil Process Pick-Up Form | | 06/21/2017 | 1 |
| restricted | Filing Letter/ Additional Fees | | 06/13/2017 | 2 |
| restricted | Plaintiffs' Original Petition Request For Disclosure And Request For Jury Trial | | 06/12/2017 | 11 |
| ·> restricted | Civil Case Information Sheet | | 06/12/2017 | 2 |

CAUSE NO. _____

| | | |
|---|---|---|
| RAYMOND L BROOKS, III, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT BROOKS, DECEASED,  GERALDINE BROOKS, NA'TOSHA ROBINSON, ASHLEY JOHNSON, CRYSTAL BROOKS, TIARA BROOKS, CIARA BROOKS AND ROBNEISHA BROOKS AND BRIANNA BROOKS, MICHAEL BROOKS, AND ARLENE BROOKS | § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| HARRIS COUNTY SHERIFF'S DEPARTMENT, UNKNOWN DEPUTIES AS AGENTS, INDIVIDUALLY AND AS EMPLOYEES OF HARRIS COUNTY AND HARRIS COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF RON HICKMAN, INDIVIDUALLY AND IN THE OFFICIAL CAPACITY AS HARRIS COUNTY SHERIFF | § § § § § § § § § § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**
**REQUEST FOR DISCLOSURE AND REQUEST FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RAYMOND L. BROOKS, III, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT BROOKS, DECEASED,  GERALDINE BROOKS, NA'TOSHA ROBINSON, ASHLEY JOHNSON, CRYSTAL BROOKS, TIARA BROOKS, CIARA BROOKS, ROBNEISHA BROOKS, BRIANNA BROOKS, MICHAEL

Certified Document Number: 75481986 - Page 1 of 11

BROOKS, AND ARLENE BROOKS hereinafter called Plaintiffs, and for cause of action would show unto the Court the following:

**I.**

**<u>DISCOVERY CONTROL PLAN AND REQUEST FOR DISCLOSURE</u>**

1.     Plaintiff intends that discovery be conducted under Discovery Level 3.

2.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a-1).

**II.**

**<u>PARTIES AND SERVICES</u>**

3.     Plaintiff Raymond Brooks is a person of the full age of majority and a resident of Harris County Texas.  Raymond Brooks sues on behalf of himself and as the personal representative of the Estate of Robert Brooks, deceased.

4.     Plaintiff Geraldine Brooks is the mother Mr. Robert Brooks.

5.     Plaintiff Na'Tosha Robinson is the daughter of Mr. Robert Brooks.

6.     Plaintiff Ashley Johnson is the daughter of Mr. Robert Brooks.

7.     Plaintiff Crystal Brooks is the daughter of Mr. Robert Brooks.

8.     Plaintiff Tiara Brooks is the daughter of Mr. Robert Brooks.

9.     Ciara Brooks is the daughter of Mr. Robert Brooks.

10.     Robneisha Brooks is the daughter of Mr. Robert Brooks.

11.     Brianna Brooks is the daughter of Mr. Robert Brooks.

12.     Michael Brooks is the brother of Mr. Robert Brooks.

Certified Document Number: 75481986 - Page 2 of 11

13. Arlene Brooks is the sister of Mr. Robert Brooks.

14. Defendant Harris County Sheriff's Department is a Texas County and may be served by and through its county judge, the Honorable Ed Emmett, 1001 Preston, Suite 911, Houston, Harris County, Texas 77002.

15. Defendants "John Doe" as unnamed guards, detention officers and other contract workers and medical staff of Harris County Jail and employees of the Harris County Sheriff's Department and can be served by and through the county judge, the Honorable Ed Emmett, 1001 Preston, Suite 911, Houston, Harris County, Texas 77002.

16. Defendant Ron Hickman in his capacity as Sheriff can be served at the Harris County Sheriff's Office, 1200 Baker Street, Houston, Texas 77002.

## III.

## JURISDICTION & VENUE

17. Venue is proper in this Court because all relevant acts and omissions giving rise to Plaintiffs' claims occurred in Harris County, Texas and because Defendants are all located or may be found in Harris County, Texas and because Defendants are all located or may be found in Harris County.

## IV.

## FACTS

18. This is a civil rights action brought by the Plaintiffs against Defendants Harris County Sheriff's Department, by and through its agents and servants for their alleged wrongful conduct in the death of Robert Brooks.

19. Plaintiffs allege that Harris County Sheriff's Department failed to assess the inmates for their risk to other inmates.

Certified Document Number: 75481986 - Page 3 of 11

20.     Plaintiffs allege that the Harris County Sheriff's Department failed to properly train, supervise, and routinely monitor the inmates on a regular basis which is required by state law.

21.     Plaintiffs allege the Harris County Sheriff's Department failed to keep the inmates safe while in the care, control and custody of the Harris County jail.

22.     Plaintiffs allege that the Harris County Sheriff's Department failed to timely and adequately notify his family of a jail assault and blunt head trauma experienced by Mr. Brooks.

23.     Plaintiffs allege Mr. Brooks was in the hospital nine (9) days and the decision to discontinue life support measures was made on day nine (9) by the Neurology team.

24.     Plaintiffs would further show that the Defendants actions were the result of unwarranted acts, lack of training and the official violation of policies and procedures of the Harris County Sheriff's Department which resulted in the untimely death of Robert Brooks.

## V.

## FACTUAL BACKGROUND

25.     On June 4, 2015, while in the custody of Harris County Sheriff's Department, Mr. Brooks was admitted to St. Joseph's Hospital with bilateral subdural hematoma.

26.     According to an investigation by the medical examiner's office, Mr. Brooks was involved in an altercation at the Harris County Sheriff's Detention Center where it is alleged that he was assaulted by another inmate.  Mr. Brooks was struck while in custody with such force it caused him to fall backwards striking his head.

27.     It has been reported that Robert Brooks was non responsive in his jail cell for several hours.  After a period of time, he was transported from the jail to St. Joseph's Emergency Room and Hospital with "complications of blunt head trauma."

Certified Document Number: 75481986 - Page 4 of 11

28.    Mr. Brooks was taken to the operating room for evacuation and remained encephalopathic, comatose on vent support.

29.    Towards the end of his hospital stay, Mr. Brooks showed no improvement, remained comatose.  Neurological recovery was deemed very slim.

30.    The decision was made with all physicians involved to withdraw life support after no family member was contacted.

31.    The Harris County Sheriff's Department never attempted to contact the family although they had contact information for the family since they went to the family residence to arrest Mr. Brooks.

32.    All Harris County Officers, John Doe" as unnamed guards, detention officers and other contract workers and medical staff of Harris County Jail and employees of the Harris County Sheriff's Department are yet to be identified.

33.    On June 12, 2015, Mr. Brooks was withdrawn from life support and passed away on that day.

## VI.

## NEGLIGENCE OF HARRIS COUNTY SHERIFF'S DEPARTMENT

34.    The negligent and careless disregard of duty of the Harris County Sheriff's Department consisted of, but is not limited to, the following acts and omissions:

35.    Defendant Harris County Sheriff's Department had a duty properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers.

36.    Plaintiff would further show that Harris County Sheriff's Department knew or should have known but never provided the requisite and proper training.

Certified Document Number: 75481986 - Page 5 of 11

37.     Defendant Harris County Sheriff's Department never notified the family that Mr. Brooks had been injured while in their care, custody and control.

38.     Defendant Harris County Sheriff's Department never notified the family that Mr. Brooks was in the hospital, in a coma and had emergency surgery.

39.     Defendant Harris County Sheriff's Department never notified the family that Mr. Brooks passed away from his injuries.

## VII.

## NEGLIGENCE OF UNKNOWN HARRIS COUNTY DEPUTIES UNDER

40.     The negligent and careless disregard of duty of the Harris County Deputies consisted of, but is not limited to, the following acts and omissions:

41.     Defendant Harris County Deputies were not properly trained, supervised, screened, disciplined, transferred, counseled or otherwise controlled.

42.     Plaintiff would further show that Harris County Deputies knew or should have known but were never provided the requisite and proper training.

43.     Defendant Harris County Deputies never notified the family that Mr. Brooks had been injured while in their care, custody and control.

44.     Defendant Harris County Sheriff's Department never notified the family that Mr. Brooks was in the hospital, in a coma and had emergency surgery.

45.     Defendants demonstrated deliberate indifference to the severe medical needs of Robert Brooks.

6

**NEGLIGENCE OF HARRIS COUNTY SHERIFF RON HICKMAN**

46.     The negligent and careless disregard of duty of Harris County Sheriff Ron Hickman consisted of, but is not limited to, the following acts and omissions:

47.     Defendant Harris County Sheriff's Department had a duty properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers.

48.     Plaintiff would further show that Harris County Sheriff's Department knew or should have known but never provided the requisite and proper training.

49.     Defendant Harris County Sheriff's Department never notified the family that Mr. Brooks had been injured while in their care, custody and control.

50.     Defendant Harris County Sheriff's Department never notified the family that Mr. Brooks was in the hospital, in a coma and had emergency surgery.

51.     Defendant Harris County Sheriff's Department never notified the family that Mr. Brooks passed away from his injuries.

**IX.**

**CAUSES OF ACTION**

52.     This is a cause of action brought by RAYMOND L. BROOKS, III, INDIVIDUALLY AND AS REPRESENTATIVE      OF THE ESTATE OF ROBERT BROOKS, DECEASED, GERALDINE BROOKS, NA'TOSHA ROBINSON, ASHLEY JOHNSON, CRYSTAL BROOKS, TIARA BROOKS, CIARA BROOKS, ROBNEISHA BROOKS, BRIANNA BROOKS, MICHAEL BROOKS, AND ARLENE BROOKS hereinafter called Plaintiffs against Defendants HARRIS COUNTY SHERIFF'S DEPARTMENT, UNKNOWN DEPUTIES AS AGENTS, INDIVIDUALLY AND AS      EMPLOYEES   OF   HARRIS   COUNTY   AND

Certified Document Number: 75481986 - Page 7 of 11

HARRIS COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF RON HICKMAN, INDIVIDUALLY AND IN THE OFFICIAL CAPACITY AS HARRIS COUNTY SHERIFF

for their negligence resulting in the untimely death of Robert Brooks pursuant to Civil Practice and Remedies Code Chapter 71 § 71.002 and in violation of his individual rights under the Fourth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

## X.

## SURVIVAL ACTION

53. Plaintiffs incorporate by reference paragraphs 1 through 49 as if fully set forth herein.

54. Plaintiff Raymond Brooks is the Representative for the Estate of Robert Brooks.

55. Brooks died as a result of the Defendants' wrongful conduct.

56. Brooks would have been entitled to bring this action against the Defendants if he had lived.

57. The decedent's right of action for wrongful and negligent conduct against the Defendants survive in favor of heirs, legal representatives, and the estate of the deceased.

58. Defendants are liable to Plaintiffs for the loss of Brook's life, pain and suffering, and the violation of his civil rights. Plaintiffs seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## XI.

## WRONGFUL DEATH

59. Plaintiffs incorporate by reference paragraphs 1 though 55 as it fully sets forth herein.

Certified Document Number: 75481986 - Page 8 of 11

60.     By reason of Defendants wrongful conduct, Brook's death was a producing cause of injury, which resulted in the following damages: loss of a family relationship, love, support, services, emotional pain and suffering, and for their acts and infliction of emotional distress.

61.     Plaintiffs seek compensation as set forth more specifically in the damages section.

## XII.

## JOINT AND SEVERAL LIABILITY

62.     Plaintiffs incorporate by reference paragraphs 1 through 61 as if fully set forth herein. Plaintiff would should that the Defendants were jointly and severally liable for the gross negligence, which was the proximate cause of Plaintiff's injuries.

## XIII.

## DAMAGES

63.     Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff and decedent;

    a.   Actual damages;

    b.   Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    c.   Pain and suffering and mental anguish suffered by Mr. Brooks prior to his death;

    d.   Mental anguish and emotional distress suffered by Plaintiffs;

    e.   Loss of quality of life;

    f.   Funeral and burial expenses;

    g.   Loss of service;

    h.   Loss of earnings and contributions to Plaintiffs;

    i.   Punitive damages as well as costs of court;

j. Pursuant to all applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

k. Prejudgment interest; and

l. Post judgment interest

64. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

65. Plaintiff requests all audio visual equipment to monitor all inmate activity during the confinement of Mr. Brooks's incarceration.

## XIV.

## REQUEST FOR JURY TRIAL

66. Plaintiffs hereby requests a jury trial. A jury fee has been and/or will be paid in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs RAYMOND BROOKS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT BROOKS, DECEASED, GERALDINE BROOKS, NA'TOSHA ROBINSON, ASHLEY JOHNSON, CRYSTAL BROOKS, TIARA BROOKS, CIARA BROOKS, ROBNEISHA BROOKS, BRIANNA BROOKS, MICHAEL BROOKS, AND ARLENE BROOKS pray that the Defendants be cited to appear and answer herein and that upon final hearing they have judgment against Defendants for actual and punitive damages, for prejudgment and post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

Law Office of Lanease D. Fuller

By: /s/ Lanease D. Fuller
    Lanease D. Fuller
    Texas Bar No. 07522750
    Email:  attyfuller@gmail.com
    4615 Southwest Freeway
    Suite 820
    HOUSTON, TX 77027
    Tel. (713) 439-7400
    Fax. (713) 439-7471
    Attorney for Plaintiffs
    RAYMOND BROOKS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ROBERT BROOKS, DECEASED, GERALDINE BROOKS, NA'TOSHA ROBINSON, ASHLEY JOHNSON, CRYSTAL BROOKS, TIARA BROOKS, CIARA BROOKS, ROBNEISHA BROOKS, BRIANNA BROOKS, MICHAEL BROOKS, AND ARLENE BROOKS

Certified Document Number: 75481986 - Page 11 of 11



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 9, 2017

Certified Document Number:      75481986 Total Pages: 11

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/12/2017 8:20:36 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 17572481
By: CUERO, NELSON
Filed: 6/12/2017 8:20:36 PM

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED Raymond L. Brooks, III Ind. and as Representative of the Estate of Robert Brooks v. Harris County, etal

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Lanease D. Fuller

Email: Attyfuller@gmail.com

Address: 4615 SW Frwy #820

Telephone: 713-439-7400

City/State/Zip: Houston, TX 77027

Fax: 713-439-7471

Signature: /s/ Laneese D. Fuller

State Bar No: 07522750

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Raymond L. Brooks III, etal

Defendant(s)/Respondent(s): Harris County Sheriff, etal

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [XX] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [X] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [X] Over $1,000,000

# Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. If the original petition, application or post-judgment petition or motion is e-filed, the case information sheet must not be the lead document.

This sheet, required by Rule 78a of the Texas Rules of Civil Procedure, is intended to collect information that will be used for statistical and administrative purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment petition or motion should complete the sheet as follows:

## 1. Contact information

**a) Contact information for person completing case information sheet.** Enter the following information:
- name;
- address;
- city, state, and zip code;
- email address;
- telephone number;
- fax number, if available;
- State Bar number, if the person is an attorney; and
- signature. (*NOTE: When a case information sheet is submitted electronically, the signature may be a scanned image or "/s/" and the name of the person completing the case information sheet typed in the space where the signature would otherwise appear.*)

**b) Names of parties in the case.** Enter the name(s) of the:
(*NOTE: If the name of a party to a case is confidential, enter the party's initials rather than the party's name.*)
- plaintiff(s) or petitioner(s);
- defendant(s) or respondent(s); and
- in child support cases, additional parties in the case, including the:
  - custodial parent;
  - non-custodial parent; and
  - presumed father.

  Attach an additional page as necessary to list all parties.

**c) Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:
- an attorney for the plaintiff or petitioner;
- a *pro se* (self-represented) plaintiff or petitioner;
- the Title IV-D agency; or
- other (provide name of person or entity).

## 2. Case type.
Select the case category that best reflects the most important issue in the case. *You must select only one.*

## 3. Procedure or remedy.
If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

## 4. Damages sought.
Select the damages being sought in the case:
(*NOTE: If the claim is governed by the Family Code, do **not** indicate the damages sought.*)
- only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees;
- monetary relief over $100,000 or less and non-monetary relief;
- monetary relief over $100,000 but nor more than $200,000;
- monetary relief over $200,000 but less than $1,000,000; or
- monetary relief over $1,000,000.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 9, 2017

Certified Document Number:        75481987 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# *Lanease D. Fuller*

---

Attorney and Counselor at Law

4615 Southwest Frwy., Ste. 820
Houston, Texas 77027
(713) 439-7400 Office
(713) 439-7471 Facsimile
*lfuller@aol.com*

June 13, 2017

Harris County District Clerk
201 Caroline
Houston, Texas 77002

Re:     Cause No. 2017-39278; *Raymond Brooks, Individually and as Representative of the Estate of Robert Brooks, Deceased, Geraldine Brooks, Na'Tosha Robinson, Ashley Johnson, Crystal brooks, Tiara Brooks, Ciara Brooks and Robneisha Brooks and Brianna Brooks, Michael Brooks and Arlene Brooks;* In the 165th Judicial District Court; Harris County, Texas.

Dear Sir or Madam:

Enclosed please find the following additional fees for the previously filed Petition for the above-referenced case:

- $2.75 to cover the cost of additional copies for service. Fees for 1 copy of Petition totaling 11 pages has been paid. Two (2) Citations should be issued and fees are included to serve the following Defendants:

    1. Harris County Sheriff's Department
       c/o The Honorable Ed Emmett
       1001 Preston, Suite 911
       Houston, Texas 77002

    2. Ron Hickman
       1200 Baker Street
       Houston, Texas 77002

Please notify Don Caspry, Process Server, Box 180, 832-274-3887 once the citations are ready for Pick-up.

- $25.00 to cover the cost of additional Plaintiffs 11-25 when filing new case.

Very truly yours,

By: __/S/Lanease Fuller_____
Lanease D. Fuller

LDF/cdb



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 9, 2017

Certified Document Number:        75496027 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Certified Document Number: 75772336 - Page 1 of 1

# CHRIS DANIEL

### HARRIS COUNTY DISTRICT CLERK

ENTERED _____

VERIFIED _____

## Civil Process Pick-Up Form

### CAUSE NUMBER: _2017-39278_

ATY_____        CIV __✓__        COURT __165__

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| ATTORNEY: _Fuller, Lanease D._ PH: _____ |
| CIVIL PROCESS SERVER: _Don Caspry_        _Box 180_ |
| PH: _832-274-3887_ |
| PERSON NOTIFIED SVC READY: _Don Caspry_ |
| DATE: _____ _a Perez_ |

Type of Service Document: _C.+_        Tracking Number _73386318_
Type of Service Document: _C.+_        Tracking Number _73386319_
Type of Service Document:_____        Tracking Number_____
Type of Service Document:_____        Tracking Number_____
Type of Service Document:_____        Tracking Number_____
Type of Service Document:_____        Tracking Number_____
Type of Service Document:_____        Tracking Number_____

Process papers prepared by: **ANITA PEREZ**

Date: _6-21-_ 2017        30 days waiting_____-_____-_____

| |
|---|
| Process papers released to: _Don Caspry_ |
| (PRINT NAME) |
| _832-374-3887_        _Don Caspry_ |
| (CONTACT NUMBER)        (SIGNATURE) |
| Process papers released by: _____ |
| (PRINT NAME) |
| _____ |
| (SIGNATURE) |
| Date: _6/30_ , 2017  Time: _0800_  (AM) / PM |



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 9, 2017

Certified Document Number:        75772336 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO.  201739278

RECEIPT NO.        0.00      CIV

********           TR # 73386933

PLAINTIFF: BROOKS, RAYMOND L (III) (INDIVIDUALLY AND AS
REPRESENTATIVE OF THE
            vs.
DEFENDANT: HARRIS COUNTY SHERIFF'S DEPARTMENT

In The   165th
Judicial District Court
of Harris County, Texas
165TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY SHERIFF'S DEPARTMENT MAY BE SERVED BY AND THROUGH THE
    COUNTY JUDGE THE HONORABLE ED EMMETT
    1001 PRESTON SUITE 911  HOUSTON  TX 77002
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND REQUEST
FOR JURY TRIAL

This instrument was filed on the 12th day of June, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 21st day of June, 2017, under my hand and
seal of said Court.

Issued at request of:
DICKENS-FULLER, LANEASE
4615 SOUTHWEST FREEWAY SUITE
820
HOUSTON, TX 77027
Tel: (713) 439-7400
Bar No.: 7522750

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: PEREZ, ANITA IOJ//10710929

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _080_ o'clock ___.M., on the _30_ day of _June_____, _2017_.

Executed at (address) _____ in

_____ County at _1200 o'clock _P_.M., on the _30_ day of _June_____,

_2017_, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

          _____

          _____ of _____County, Texas

_____        By _____
     Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

          _____
               Notary Public

N.INT.CITR.P                    *73386933*

HOUSTON, HARRIS COUNTY TEXAS, CAUSE NO. 201739278 165th JUDICIAL DISTRICT COURT

RETURN OF SERVICE

BROOKS, RAYMOND L (III) (INDIVIDUALLY AND AS REPRESENTATIVE OF THE

Plaintiff

VS.

HARRIS COUNTY SHERIFF'S DEPARTMENT

Defendant

CAME TO HAND ON: 6/30/17 AT 8:10 AM

BY DELIVERING TO: HARRIS COUNTY SHERIFF'S DEPARTMENT MAY BE SERVED BY AND THROUGH THE COUNTY JUDGE THE HONORABLE ED EMMET ACCEPTED BY DOUG ADKINSON CRIMINAL JUSTICE ADVISOR

ADDRESS DELIVERED: 1001 PRESTON SUITE 911 HOUSTON TX 77002

DATE EXECUTED: 6/30/17 AT 11:59 AM

MODE OF DELIVERY: IN PERSON

DOCUMENT DELIVERED: CITATION PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND REQUEST FOR JURY TRIAL

A true and correct copy of the above listed documents were delivered having first endorsed on such copy the date of delivery.

I am over the age of eighteen, neither a party to nor interested in the outcome of the above numbered suit and am authorized by written order of the court to serve citation and other notices.

Service Fee: _$85.00_

Witness Fee:_____

_Don Court Caspary_

Don Court Caspary SCH000004789 Expires 03/31/18

5507 Cheltenham Dr, Houston, TX 77096-3005

VERIFICATION

State of Texas

Before me, a notary public, on this day personally appeared the above named authorized person known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given my hand and seal of office on this 5th day of July , 2017 .

_Ann F. Cruz_

ANN FRANCIS CRUZ
Notary Public
STATE OF TEXAS
ID#124285978
My Comm. Exp. June 26, 2019



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 9, 2017

Certified Document Number:        75785121 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**